Kong v. Holder

BIA
A093 409 907

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand thirteen.

PRESENT:
　　　　RALPH K. WINTER,
　　　　GUIDO CALABRESI,
　　　　PETER W. HALL,
　　　　　　*Circuit Judges*.

_____

YANG KONG,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　12-4266
　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　　Charles Christophe, Christophe Law Group, PC, New York, NY.

FOR RESPONDENT:　　　　Stuart F. Delery, Acting Assistant Attorney General; David V. Bernal, Assistant Director, Margaret Kuehne Taylor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yang Kong, a native and citizen of China, seeks review of an October 3, 2012 decision of the BIA denying his motion to reopen his removal proceedings. *In re Yang Kong*, No. A093 409 907 (B.I.A. Oct. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kong's motion to reopen, filed in March 2012, was untimely because the BIA issued a final order of removal in April 2010.

Kong contends, however, that his conversion to Christianity in the United States, his recent membership in the Chinese Democratic Party ("CDP"), and the Chinese

2

government's awareness of his political activities in the United States, constitute materially changed conditions excusing his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

As to Kong's CDP claim, the BIA did not abuse its discretion in finding that he failed to demonstrate his *prima facie* eligibility for relief because Kong failed to support or otherwise corroborate his CDP membership with credible evidence. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 142-43 (2d Cir. 2008); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of prima facie eligibility for [relief], which means []he must show a realistic chance that []he will be able to obtain such relief") (internal quotation marks and citation omitted).

Contrary to Kong's contention, the BIA did not abuse its discretion in finding the unsworn letter from his wife to be unreliable, given the agency's prior determination that Kong was not a credible witness. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-49 (2d Cir. 2007) (concluding that an adverse credibility finding provided reasonable

3

basis for rejecting the authenticity of an unauthenticated document submitted by the party). While Kong is correct that the BIA did not specifically address his affidavit, this Court does "not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169 (internal quotation marks and citation omitted), and we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006). Here, nothing suggests that the agency did not consider the affidavit and, in light of the adverse credibility finding, the BIA did not act unreasonably by declining to rely on it. *See Qin Wen Zheng*, 500 F.3d at 147-48.

With respect to Kong's Christianity claim, none of Kong's evidence addressed China's treatment of Christians at the time of his merits hearing. This was fatal to his motion. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA]

4

compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

While Kong contends that the newspaper articles he submitted demonstrated worsening conditions for Christians in China, the general statements in these articles that Chinese authorities had engaged in a "crackdown" do not reflect the conditions that existed in 2008, or provide material evidence of a change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Finally, nothing in the United States Department of State report compels the conclusion that the treatment of Christians in China has worsened since 2008. *See* 8 U.S.C. §1252(b)(4)(B) (the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

Circuit Local Rule 34.1(b).

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk